## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 09-403-02 |
| | : | |
| SYNTHES, INC. | : | |

### JUDGMENT AND ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS

The United States of America, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, and 21 U.S.C. § 853(p), has moved for entry of a Judgment and Order of Forfeiture for Substitute Assets.   In consideration of the motion and the plea agreement entered into between the government and defendant Synthes, the Court finds as follows.

1. As a result of defendant Synthes's guilty plea to Count Two, charging a violation of 21 U.S.C. §§ 331(a), 333(a)(1), 351(f)(1)(B) and 352(f), (o), for which the government sought forfeiture, all defendant's right, title, and interest in any device that is misbranded when introduced into or while in interstate commerce or while held for sale after shipment in interstate commerce, or which may not, under the provisions of 21 U.S.C. § 331, be introduced into interstate commerce is subject to forfeiture to the United States pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c).

2. Based upon defendant Synthes's plea agreement, the following property is subject to forfeiture as a result of defendant's guilty plea, and the government has established the requisite nexus between this property and the charged offense:

a.      Any quantities of medical devices, namely Norian XR, which between August 2003 and January 2004 were adulterated and misbranded when introduced into or while in interstate commerce, or while held for sale after shipment in interstate commerce, or which may not, under the provisions of 21 U.S.C. § 331, be introduced into interstate commerce.

3. As agreed to in the plea agreement, because of the acts or omissions of defendant Synthes, forfeitable property, that is, quantities of adulterated and misbranded medical devices, namely Norian XR ("the unavailable property") is no longer available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p).

4. As a result, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), the United States is entitled to an order forfeiting other property of defendant Synthes up to the value of the unavailable property.

5. As agreed to in Synthes's plea agreement, the value of the unavailable property is $469,800.

6. Under the terms of the plea agreement, defendant Synthes has agreed to pay $469,800 to the government within 3 business days of the date of sentencing as a substitute for the unavailable property.

THEREFORE IT IS HEREBY ORDERED THAT:

1. Defendant Synthes's right, title and interest in the following property is forfeited to the United States as substitute assets pursuant to 21 U.S.C. §§ 334 and 853(p) and 28 U.S.C. § 2461(c):

    a.    **The sum of $469,800 be paid to the government by defendant within 3 business days of sentencing.**

2. Pursuant to Fed.R.Crim.P. 32.2(b)(4), this forfeiture order became final as to defendant Synthes at sentencing and shall be made part of the sentence and included in the judgment.

3. The Court shall retain jurisdiction to enforce this forfeiture order, and to amend it as

necessary, pursuant to Fed.R.Crim.P. 32.2(e).

4. The Clerk of the United States District Court for the Eastern District of Pennsylvania

shall deliver a copy of this Judgment and Order of Forfeiture for Substitute Assets to the United

States Marshal Service and to counsel for the parties.

ORDERED this        7th day of  Dec                    , 2010.

BY THE COURT:

__/S/LEGROME D. DAVIS__

HONORABLE LEGROME D. DAVIS
*Judge, United States District Court*

3